**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 95-30479
(Summary Calendar)

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

WELTON BROWN,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(CA-94-3753 & CR-89-377-F)

October 27, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Welton Brown appeals rulings of the
district court that culminated in the denial of his motions to
correct his sentence, to credit him for time served, to provide for

     [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

concurrent running of his state and federal sentences, and to grant his habeas petition under 28 U.S.C. § 2255.  Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

A jury convicted Welton Brown of bank robbery, in violation of 18 U.S.C. § 2113(a).[1]  The district court imposed the statutory maximum sentence of 240 months imprisonment to run consecutively to any state court sentence.  Brown appealed, challenging the district court's decisions that his lineup identification was admissible and that his sentence would run consecutive to any state sentence resulting from the robbery.  We affirmed the judgment of the district court on direct appeal.[2]

Brown filed a motion to correct his sentence pursuant to Fed. R. Crim. P. 35, seeking credit for time served, but that motion was denied.  His petition under 28 U.S.C. § 2241, seeking an order that his state and federal sentences run concurrently, was also denied.  He then filed a § 2255 motion to vacate, set aside, or correct sentence raising six grounds of relief.

In its response, the government asserted that Brown was procedurally barred from raising his claims in a § 2255 motion and that his motion was successive under Rule 9(b) of the Rules Governing Section 2255 Proceedings.  The magistrate judge

---

[1]  The underlying facts of this case are set forth in detail in United States v. Brown, 920 F.2d 1212 (5th Cir.), cert. denied, 500 U.S. 925 (1991).

[2]  Id.

2

determined from the record that Brown had not filed previous § 2255 motions and that the motion was not successive; but concluded nevertheless that all of Brown's claims except those of ineffective assistance of counsel were procedurally barred. As for the ineffective assistance claim, the magistrate judge determined that Brown had not shown that counsel's performance was deficient or that Brown had been prejudiced, and recommended that the district court deny the § 2255 motion.

The district court considered Brown's objections to the magistrate judge's report and conducted de novo review. Thereafter the court adopted the magistrate judge's report and recommendation, and denied relief. Brown timely filed a notice of appeal.

II

ANALYSIS

Brown raises the following issues in this appeal: (1) he was deprived of his Fifth Amendment right to remain silent by an F.B.I. agent who elicited his confession; (2) police officers used suggestive identification procedures in presenting to identification witnesses the photos taken by a bank surveillance camera; (3) the district court deprived him of a fair trial by not permitting some members of the jury to see Brown after deliberations had begun, even though four of the jurors were unable to see him during the trial because their view was blocked by a podium; (4) the district court accepted counsel's unauthorized waiver of Brown's right to be present during the reading of an

3

<u>Allen</u>[3] charge; (5) the district court gave an <u>Allen</u> charge to the jury without permitting the jury to view Brown; and (6) counsel was ineffective at trial in several respects.

"For a collateral attack under § 2255, `a distinction is drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other.'" <u>United States v. Pierce</u>, 959 F.2d 1297, 1300-01 (5th Cir.) (quoting <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981)), <u>cert. denied</u>, 113 S. Ct. 621 (1992). Even an alleged constitutional error may not be raised "for the first time on collateral review without showing both `cause' for [the] procedural default, and `actual prejudice' resulting from the error." <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), <u>cert. denied</u>, 502 U.S. 1076 (1992) (citation omitted).

A.    <u>Ineffective Assistance of Counsel</u>

Brown's claims that counsel was ineffective are of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal. <u>Pierce</u>, 959 F.2d at 1301 (citing <u>inter</u> <u>alia</u> <u>United States v. Higdon</u>, 832 F.2d 312, 313-14 (5th Cir. 1987)), <u>cert. denied</u>, 484 U.S. 1075 (1988). To support a claim of ineffective assistance of counsel, Brown must meet both the cause and prejudice prongs of the test established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). To show prejudice, the

---

[3]    "`<u>Allen</u>' refers to <u>Allen v. United States</u>, 164 U.S. 492 (1896). The term describes supplemental instructions urging jurors to forego their differences and reach a unanimous verdict." <u>United States v. Heath</u>, 970 F.2d 1397, 1406 n.2 (5th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 1643 (1993).

defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of a trial the result of which is fair or reliable. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993). "An insufficient showing of prejudice pretermits addressing the [cause] prong." Pierce, 959 F.2d at 1302.

Brown contends that counsel was ineffective in waiving Brown's right to be present during trial proceedings. Brown was absent from the courtroom on two occasions: (1) when the district court recessed at the end of the day and admonished the jury concerning their responsibility until they returned the next morning, and (2) during a modified Allen charge the following day after the jury had advised the district court that it could not make a unanimous decision.

Defense counsel's decision not to allow Brown to appear before the jury when the recess was announced or when the Allen charge was given is consistent with her attempt to prevent the jury from viewing Brown again. During deliberations, the jury asked to see the defendant because some of the jurors' view had been blocked. Defense counsel asked the district court to allow her time to think about it and to confer with her associates. She then opposed permitting the jury to see Brown because it was tantamount to improperly reopening the evidence. Defense counsel argued that part of the defense was "identification and the recollection of what one looks like, and that to essentially bring him in and present him to the jury is an additional fact." As a result, the district court did not allow the jury to view the defendant because

5

the evidence was closed.

Brown has failed to demonstrate that counsel's aggressive opposition to permitting the jury to view him was not sound trial strategy. It was reasonable for counsel to conclude from the jury's questions to the district court that it was having difficulty with the identification evidence. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Black v. Collins, 962 F.2d 394, 401 (5th Cir.) (internal quotation and citation omitted), cert. denied, 504 U.S. 992 (1992). Even if counsel did not confer with Brown concerning her decision that he not appear, Brown has not demonstrated that counsel's errors were so serious as to deprive him of a trial with a fair or reliable result.

Brown also asserts that counsel's conduct was unprofessional and that she failed to preserve his rights for appeal. He fails to argue these issues in the body of his brief, however, so they are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Brown is also deemed to have abandoned any issues concerning counsel's effectiveness raised in the district court but not raised on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). We "will not raise and discuss legal issues that [Brown] has failed to assert." Id.

6

B.  Remaining claims

Brown's remaining contentions "fail to clear the procedural hurdle for a collateral challenge."  Pierce, 959 F.2d at 1304. Although the issues are of constitutional magnitude, Brown has neither demonstrated cause for failing to raise these issues on direct appeal nor the prejudice he would suffer if we should refuse to address these claims.  Brown asserted in his objections to the magistrate judge's report that counsel's ineffectiveness caused the procedural default and that Brown suffered actual prejudice.  Again in his reply brief, Brown asserted that he had demonstrated cause and prejudice.  And he reiterated his contentions that the identification was suggestive and that he was deprived of his Fifth and Sixth Amendment rights.  Brown failed, however, to argue his Sixth Amendment claims adequately, other than that his counsel was ineffective in waiving Brown's right to be present during two particular incidents.  Brown has not shown that he has been deprived of his Sixth Amendment right; thus, he has not demonstrated either cause or prejudice. See Murray v. Carrier, 477 U.S. 478, 488 (1986). For these reasons, the judgment of the district court denying § 2255 relief is

AFFIRMED.